**FILED**
2008 Apr-10  PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| TOTAL BODY ESSENTIAL | ) | |
| NUTRITION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, John W. Wilkerson, by and through undersigned counsel, and files this Complaint against the Defendant, Total Body Essential Nutrition, Inc.

## PARTIES

1.    Plaintiff John W. Wilkerson (hereinafter "Plaintiff"), is over the age of nineteen (19) years and is a resident citizen of Stevenson, Jackson County, State of Alabama. Plaintiff John W. Wilkerson purchased and consumed the dietary supplement "Total Body Formula"® and/or "Total Body Mega Formula"®, which was manufactured and distributed by Defendant Total Body Essential Nutrition, Inc. As a result of his use of "Total Body Formula"® and/or "Total Body Mega Formula"®, Plaintiff

suffered substantial hair loss, severe abdominal pain, paralysis, headaches and hospitalization.

2.    The Defendant, TOTAL BODY ESSENTIAL NUTRITION, INC. (hereinafter "Total Body"), is a Georgia corporation, with its principal place of business located at 185 Stockwood Drive, Suite 160, Woodstock, Georgia 30188.  At all times relevant hereto, Total Body manufactured, designed, labeled, advertised, promoted, sold and/or distributed the dietary supplement Total Body Formula® and Total Body Mega Formula® and other herbal supplements containing excessive amounts of Selenium.  The Defendant sold Total Body Formula® and Total Body Mega Formula® and other herbal supplements throughout the United States, including the State of Alabama, through (1) health food stores, and (2) health care professionals.

## JURISDICTION AND VENUE

3.    The United States District Court for the Northern District of Alabama has subject matter jurisdiction over the final disposition of this matter under the provisions of 28 U.S.C. §1332 in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.    Venue is also proper in the United States District Court for the Northern District of Alabama in that almost all of the facts giving rise to this

2

complaint, including the purchase and ingestion of the product and the injuries therefrom, took place in said judicial district.

## FACTS

5.     Plaintiff purchased and used Total Body Formula® and/or Total Body Mega Formula®, products marketed, promoted, and manufactured by Defendant, since the mid-1990s.  Plaintiff took Total Body Formula® and/or Total Body Mega Formula® as recommended on the product label.   On or about  March 25, 2008, due to ingestion of Total Body Formula® and/or Total Body Mega Formula®, Plaintiff suffered severe adverse reactions, including significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

6.     Total Body Formula® and/or Total Body Mega Formula® were dietary supplements marketed by Total Body Essential Nutrition, Inc. as dietary supplements for individuals desiring to maintain energy and sustain health.  Total Body Formula® and Total Body Mega Formula® contained excessive amounts of selenium.  Selenium, a trace mineral found in soil, water, and some foods, is needed only in small amounts for good health.

7.     Defendant Total Body Essential Nutrition, Inc., at all times relevant hereto, marketed, promoted, sold, manufactured, distributed, created, designed, labeled, packaged, advertised, and otherwise handled in

3

interstate commerce, the products Total Body Formula® and Total Body

Mega Formula®. The Defendant did business in Alabama, and at all times

relevant hereto, sold, marketed, produced, distributed or otherwise brought

to Alabama the aforementioned dietary supplement.

## GENERAL ALLEGATIONS

8.     The Defendant did business in the State of Alabama and has

caused tortious injury in Alabama by manufacturing and selling a dangerous

and defective product. The Defendant, acting directly or by agent, is legally

responsible to Plaintiff as a consequence of the Defendant transacting

business in the State of Alabama, contracting to supply services or goods in

the state, and/or causing tortious injury or damage in this state by an act or

omission in or outside the state. Defendant regularly did or solicited

business, or engaged in any other persistent course of conduct or derived

substantial revenue from goods used or consumed or services rendered in the

state. Such business or course of conduct caused injury or damages in the

State of Alabama to Plaintiff by Defendant's breach of warranty expressly or

impliedly made in the sale of goods outside the state when the Defendant

might reasonably expect such other person to use, consume or be affected by

the goods in the state. As a result of the Defendant regularly doing or

soliciting business, or engaging in any other persistent course of conduct, or

4

deriving substantial revenue from goods used or consumed or services rendered in this state, and otherwise having had some minimum contacts with the state and, under the circumstances, it is fair and reasonable to require the Defendant to come to the State of Alabama to defend an action.

9.     Plaintiff brings this action to recover damages for personal injuries, restitution, refunds and/or equitable and declaratory relief against Defendant Total Body Essential Nutrition, Inc., which developed, tested, designed, marketed, distributed, promoted and sold Total Body Formula® and Total Body Mega Formula®.

10.     Total Body Formula® and Total Body Mega Formula® have been associated with serious adverse events, including cases of significant hair loss, muscle cramps, diarrhea, joint pain and fatigue.

11.     Plaintiff seeks relief from the court to provide compensation to Plaintiff for personal injuries, reimbursement of monies paid for the defective product and to otherwise compensate Plaintiff as the Court sees fit.

## COUNT I: FAILURE TO WARN

12.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

13.     Defendant marketed the dietary supplements Total Body Formula® and Total Body Mega Formula® and other dietary supplement

products containing excessive amounts of selenium as the essential balance of nutrients required to maintain energy and sustain health.

14.   The Defendant failed to adequately test the dietary supplements Total Body Formula® and Total Body Mega Formula®, and their ingredient, selenium, for safety. Moreover, the Defendant has failed to warn users of selenium's adverse reactions.  Accordingly, taking the Defendant's dietary supplement is capable of producing the following adverse effects: significant hair loss, muscle cramps, diarrhea, joint pain and fatigue.  Had Plaintiff been adequately warned that Total Body Formula® and/or Total Body Mega Formula® could lead to such side effects, he would have chosen not to purchase said dietary supplement; therefore, his exposure to the dangerous substance, as well as other damages referred to herein, could have been avoided completely. In order to have the requisite information to make an informed decision whether to take this supplement for energy enhancement or health sustenance, Plaintiff should have been informed by the Defendant of the extremely dangerous effects of excessive selenium-containing dietary supplement products.

15.   Defendant negligently, recklessly and wantonly failed to warn prospective users of the dangers inherent in the use of their dietary

supplements and negligently, recklessly and wantonly failed to test said product for such dangers.

16.     As a direct and proximate result of Defendant's negligence, recklessness and wanton misconduct, Plaintiff experienced significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT II: AEMLD

17.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

18.     Defendant is liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine (hereinafter "AEMLD"). Defendant was in the business of manufacturing and marketing dietary supplements.  Defendant and/or their agents designed, formulated, manufactured, assembled, prepared for sale, distributed, and/or sold said dietary supplements which were in a defective condition unreasonably dangerous when applied to its intended use in the usual and customary manner.  Plaintiff, while consuming said dietary supplement in its usual and customary manner as it was intended to be used, suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis as a proximate result of Defendant placing the product on the market, which was unreasonably dangerous and defective at the time it was placed on the

market by Defendant. The dietary supplement, at the time of Plaintiff's injuries and damages, was in substantially the same condition as it was at the time it was marketed by the Defendant.

19. As a direct and proximate result of Defendant's defective and unreasonably dangerous product, Plaintiff suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT III: NEGLIGENCE

20. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

21. Defendant negligently made, created, manufactured, assembled, designed, tested, labeled, supplied, packaged, distributed, and/or sold, in the State of Alabama, Total Body Formula® and Total Body Mega Formula®.

22. At all times material hereto, Defendant had a duty to Plaintiff to exercise reasonable care in the making, creation, manufacture, assembly, design, testing, labeling, supplying, packaging, distributing, and/or sale of the dietary supplement.

23. As a direct and proximate result of Defendant's negligence, Plaintiff suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT IV: NEGLIGENT AND/OR RECKLESS MARKETING

24.   Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

25.   Defendant negligently, recklessly, and/or wantonly marketed the herbal supplements Total Body Formula® and Total Body Mega Formula®.

26.   As a direct and proximate result of Defendant's negligent, reckless and wanton misconduct in marketing the product, Plaintiff suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT V: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

27.   Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

28.   Defendant breached the implied warranty of merchantability. Defendant was a merchant or seller of the dietary supplements Total Body Formula® and Total Body Mega Formula®. Defendant sold the dietary supplements. Defendant's dietary supplements were used by Plaintiff for the ordinary purposes for which such products are used. The Defendant's dietary supplement was defective, or unmerchantable, i.e. not fit for the ordinary

purposes for which such products are used. A defect or defects in the products purposefully caused injury to Plaintiff.

29.    As a direct and proximate result of Defendant's breach of its implied warranty of merchantability, Plaintiff suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT VI: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

30.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

31.    Defendant breached the implied warranty of fitness for a particular purpose. Defendant sold the dietary supplements Total Body Formula® and Total Body Mega Formula®. At the time of sale of the dietary supplements, Defendant knew, or had reason to know, of a particular purpose for which the products were to be used. At the time of sale of the dietary supplement to Plaintiff, Defendant knew, or had reason to know, Plaintiff was relying on the skill and judgment of Defendant to select or furnish a suitable product for the intended purpose. At the time of sale of Defendant's dietary supplement to Plaintiff, Defendant exercised skill and judgment in the selection of the products, and Plaintiff relied thereon. Defendant's dietary supplements were used by Plaintiff for the particular purpose for which selection had been made by Defendant. Defendant's

dietary supplements were not reasonably fit and suitable for the use for which it was selected. Failure of Defendant to select products which were reasonably safe for their intended use proximately caused injury to Plaintiff.

32.     As a direct and proximate result of Defendant's breach of implied warranty of fitness for a particular purpose, Plaintiff suffered significant hair loss, severe abdominal pain, headaches, hospitalization and paralysis.

## COUNT VII: STATUTORY AND COMMON LAW
## FRAUD/SUPPRESSION/DECEIT

33.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

34.     Defendant is liable to Plaintiff for statutory and common law fraud, deceit and/or suppression for its wrongful actions and/or inactions in connection with the marketing, sale and distribution of its products.

35.     Defendant misrepresented that the defective product did not cause the types of injuries suffered by Plaintiff and/or suppressed the fact that the defective products caused the types of injuries suffered by Plaintiff. Regarding Defendant's suppression of this material fact, this was done despite a duty to disclose the dangers attendant to use of its defective products based on the particular circumstances of this case, including but not

limited to, the representations made as to the safety of the defective products and/or the confidential relationship of the parties.

36.    Defendant's actions or inactions constitute common law fraud, deceit and/or suppression and are in violation of Ala. Code §§ 6-5-100, 101, 102, 103, and 104.

37.    As a result of Defendant's fraud, deceit and/or suppression, Plaintiff has suffered, is suffering and will continue to suffer damages as previously alleged.

## COUNT VIII: CONSTRUCTIVE TRUST/UNJUST ENRICHMENT

38.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

39.    Defendant's actions and inactions have caused it to be unjustly enriched at the hands of Plaintiff.

40.    Defendant has acquired numerous benefits as a result of its fraudulent actions, and/or if not fraudulent, it would be inequitable to permit Defendant to retain these benefits and/or Plaintiff is beneficially entitled to the benefits against Defendant, who, against the rules of equity and against good conscience, either has obtained or holds and enjoys legal title to property that in justice it should not hold and enjoy.  Said benefits include, but are not limited profits derived from its sales of the defective products.

41.    Accordingly, a constructive trust should be impressed on these profits for the benefit of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Total Body Essential Nutrition, Inc. as follows:

i.     Equitable, injunctive and declaratory relief, including enjoining Defendants from distributing Total Body Formula® and Total Body Mega Formula®;

ii.    Damages in an amount to be determined at trial;

iii.   Pre-judgment and post-judgment interest at the maximum rate allowable at law;

iv.    Treble, exemplary and/or punitive damages in an amount to be determined at trial;

v.     The costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees;

vi.    All statutory damages;

vii.   Disgorgement of Defendants' profits from the sale of Total Body Formula® and Total Body Mega Formula®;

viii.  Such other and further relief under all applicable state and federal law and any relief the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by struck jury on all issues so triable.

Archie C. Lamb, Jr.

**OF COUNSEL:**

Archie C. Lamb, Jr.  (LAM010)
F. Inge Johnstone  (JOH159)
Tyrell F. Jordan  (JOR042)
THE LAMB FIRM, LLC
2900 1st Avenue South
Birmingham, Alabama 35223
Phone: (205) 324-4644
Fax: (205) 324-4649

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL WITH A COPY OF THE SUMMONS AND COMPLAINT AT:**

Total Body Essential Nutrition, Inc.
185 Stockwood Drive, Suite 160
Woodstock, Georgia 30188

14